IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-440-DSC
(3:13-mj-288-DSC-1)

| MICAH T. HAYES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Motion to Dismiss, (Doc. No. 4).

I.  BACKGROUND

Petitioner Micah T. Hayes was charged with driving while under the influence on the United States Army base at Fort Bragg, North Carolina in violation of 18 U.S.C. § 13, which assimilates North Carolina General Statute § 20-138.1 (Count One), and carrying a concealed weapon after consuming alcohol in violation of 18 U.S.C. § 13, which assimilates North Carolina General Statute § 14-415.11(c) (Count Two). United States v. Hayes, 5:13MJ1232 (E.D.N.C. July 10, 2013), ECF No. 1. Petitioner pleaded guilty to Count One in the United States District Court for the Eastern District of North Carolina and was sentenced to one year of probation, commencing on July 10, 2013. (Id., ECF Nos. 11 & 12). The Government dismissed Count Two. (Id., ECF No. 11). The Eastern District of North Carolina transferred jurisdiction to this District in September 2013. (Id., ECF No. 12).

1

Three months later, Petitioner violated the terms of his probation and was arrested. United States v. Hayes, 3:13MJ288 (W.D.N.C. 2013), ECF entry of Dec. 19, 2013. He admitted violating the conditions of probation, and this Court sentenced him to an additional year of probation to commence at the end of the original term in July 2014. (Id., ECF No. 9). This Court entered judgment on February 7, 2014. (Id.).

On January 10, 2015, Petitioner was charged in state court with assault with a deadly weapon with intent to kill inflicting serious injury. See (Doc. No. 4-1, Gov. Ex. 1). He was convicted in June 2015 and sentenced to eight years and four months of imprisonment. (Id.). He is currently incarcerated at the Piedmont Correctional Institution in Salisbury, North Carolina. (Id.).

Petitioner filed the present Motion to Vacate on July 24, 2017, arguing that he is being subjected to cruel and unusual punishment because this Court has not terminated his probationary sentence. He also alleges ineffective assistance of counsel during the 2013 revocation proceedings because his attorney did not advise him of his right to appeal. (Civ. Doc. No. 1 at 4-5, 13). The Government filed the pending Motion to Dismiss on December 4, 2017. (Doc. No. 4). On December 6, 2017, this Court issued an Order advising Petitioner of his right to respond to the Government's Motion. (Doc. No. 5). Petitioner filed his Reply on December 14, 2017. (Doc. No. 6).

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

2

Motion to Vacate can be resolved without a response from the Government or an evidentiary hearing based upon the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"). The AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for filing a motion to vacate. That amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Motion to Vacate is time-barred. His conviction became final on February 7, 2014. He had fourteen days to file an appeal following the entry of judgment. FED. R. APP. P. 4(b)(1)(A). Petitioner did not appeal and the judgment became final on February 21, 2014. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding the limitations period begins to run when the time for seeking review expires). Once the judgment became final, Petitioner had one year, or until February 21, 2015, to file a § 2255 motion to vacate his sentence. See Clay, 537 U.S. at 532. The present Motion to Vacate is untimely since Petitioner did not file it until July

3

24, 2017—over three years after his conviction became final and over two years past the limitations deadline.

In his response to the Motion to Dismiss, Petitioner has not argued circumstances under which this Court should apply equitable tolling. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner has simply not shown extraordinary circumstances to warrant the application of equitable tolling in this case.[1]

In sum, for the reasons stated herein, the Petition is dismissed as time-barred.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 Motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc.

---

[1] Petitioner contends that his counsel did not advise him of his right to appeal. That does not explain how counsel's failure to file a notice of appeal prevented Petitioner from complying with the one-year statute of limitations. Thus, counsel's alleged failure to file a notice of appeal on Petitioner's behalf does not constitute an extraordinary circumstance justifying equitable tolling. Accord Torres-Flores v. United States, No. 7:10cv76-FL, 2015 WL 331701, at *8 (E.D.N.C. Jan. 23, 2015).

4

No. 1), is dismissed with prejudice as untimely.

2. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 18, 2017

David S. Cayer
United States Magistrate Judge